UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

KENNETH P. CURRAN,

        Plaintiff,

-vs.-                              Case No.:  18-CV-88

 UNITED STATES POSTAL SERVICE,

        Defendant.
_____

## COMPLAINT
_____

## NATURE OF THE ACTION

1.     This is an action under the Freedom of Information Act, 5 U.S.C. §552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff by Defendant United States Postal Service and its components.

## PARTIES

2.     Plaintiff Kenneth P. Curran is a resident of the State of Wisconsin and an employee of the United States Postal Service assigned to the USPS Madison P&DC sorting facility located at 3902 Milwaukee St, Madison, WI 53714.

3.     Defendant United States Postal Service is a federal agency of the United States government.

## JURSIDICTION AND VENUE

4.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §552(a)(4)(B).   This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1331.

5.      Venue lies in this District under 5 U.S.C. § 552(a)(4)(B) because some or all of the records at issue in this action are maintained at or by the Lakeland District office of the United States Postal Service located in Milwaukee, Wisconsin.

## BACKGROUND FACTS

6.      This action seeks government records relating to officials' repeated failure to curb waste and dereliction of duty within the ranks of United States Postal Service employees in at least two respects:   (1) non-work-related internet use during work hours; and (2) sleeping during work hours.

7.      In his position as a United States Postal Service employee, Plaintiff has repeatedly observed co-workers accessing government computers for non-work-related internet use during work hours and sleeping on the job.

8.      On or about September 4, 2015, Plaintiff submitted a complaint to the United States Postal Service Office of Inspector General (OIG) alleging waste and abuse by maintenance employees at the Madison P & DC sorting facility.   Thereafter, Plaintiff submitted a formal complaint to OIG on November 11, 2015, regarding employees at the facility sleeping on the clock and playing on the internet hour after hour.  A true and correct copy of the formal complaint is attached hereto as Exhibit 1.

9.      United States government employees' Handbook AS-805 §14-3.3, Information Security, establishes that United States government computer systems are

for official use only.   This section further establishes that employees have no expectations of privacy while using government computer systems.   A warning banner that appears when employees access the internet also advises that the internet is available for ". . . **authorized** use."  (Emphasis added.)

10.     The management at the above-referenced facility has the capacity to monitor employees' internet usage on government computers during work hours.

11.      In October 28, 2015, following Plaintiff's initial complaint of inappropriate and excessive non-work-related internet use during work hours by United States Postal Service employees in Madison, Wisconsin, Jessica Strong from the Office of United States Congressman Mark Pocan sent an email message indicating that their office had been advised that Madison P&DC management had held stand up talks and assigned a supervisor to monitor employees. OIG accepted this as corrective action, as evidenced by an email message dated October 28, 2015.   A true and correct copy of the substance of the e-mail message is attached hereto as Exhibit 2.

12.     On December 24, 2015, Plant Manager Gary Kaiser sought a 1300 (1:00 p.m.) meeting concerning Plaintiff's complaint to the United States Postal Service Office of Inspector General (OIG).  At the end of the meeting Gary Kaiser assured Plaintiff that the matter would be looked into.

13.     In January of 2016, a United States Postal Service maintenance supervisor held a service talk at 3902 Milwaukee St, Madison, WI 53714 concerning internet usage.  However, maintenance employees simply disregarded the supervisor's warnings.

14. The week of March 21-25, 2016, an Office of Inspector (OIG) audit team arrived at the Madison P&DC sorting facility. Plaintiff was interviewed by the audit team on March 23, 2016. Plaintiff provided information to the audit team regarding employees sleeping on the job, internet usage, government equipment taken out of the facility, and a hard drive being wiped clean.

15. During the week of April 4-8, 2016, a maintenance supervisor and manager were walked out of the building.

16. On May 13, 2016, Deputy Assistant Inspector General Christopher Cherry sent a letter to Senator Ron Johnson and Representative Mark Pocan concerning the sleeping on the job and internet usage at the above-referenced facility. The letter asserted that an investigation by the facility's management had uncovered no evidence of criminal activity or personal misconduct.

17. On October 11, 2016, Melanie Conklin from the Office of Congressman Pocan sent information that OIG's audit report was going to be released. The audit report was released the following day. Plaintiff sent a reply email noting omissions in the report and indicated that he would be willing to forward the omitted documents.

18. The OIG audit team documented the continual use of internet on non-work-related sites. A true and correct copy of the audit report is attached hereto as Exhibit 3. The report also disclosed that OIG uncovered 250 minutes of internet usage during an electronics technician's work day.

19. In OIG's Audit report HR-AR-16-055, Madison P&DC management agreed to log daily observations of electronic technicians. The observation logs would contain

4

reports of employees continuing to sleep on the clock and overtime wages being paid to these same employees.

20. As of the date of filing this Complaint, the misconduct of which Plaintiff complained continues unchecked in the above-referenced facility.

## FOIA REQUEST AND RESPONSE

21. On April 2, 2017, Plaintiff submitted a FOIA request to the USPS Managers Records Office, 475 L'Enfant Plaza Washington, DC 20260-2201. The request specified three types of documents and defined a time frame, stating, in pertinent part, as follows:

> I request the following records for Madison Processing & Distribution Center 3902 Milwaukee Street Madison, WI 53714 from December 24, 2015 to present.
>
> 1) All records relating to non-postal websites accessed by maintenance employees, including electronics technicians and maintenance management. USPS Office of Inspector General (OIG) provided these records to Acting Lakeland District Manager Debbie Woodrum for rebuttal of Audit Report HR-AR-16-005. The records should include but not be limited to OIG's 2016 audit/investigation, daily logs of intenet usage referenced on page 15 of Audit report HR-AR-16-005, and OIG complaint filed on December 11, 2016.
>
> 2) Request all records relating to USPS employees in the Maintenance Department being walked out of the building in April of 2016. Lakeland District most likely ordered this action as a result of OIG's onsite audit in March of 2016.
>
> 3) Request all records relating to USPS employees sleeping at Madison Processing & Distribution Center which should include photographs. Lakeland District PO Box 5000 Milwaukee, WI 53201-5000 is most likely in possession of the photos.

A true and correct copy of the request is attached hereto as Exhibit 4.

22. In an April 10, 2017 letter, Lead Government Information Specialist Linda K. Crump described the designated agency official as Acting District Manager Deborah

5

S. Woodrum of Lakeland District, PO Box 5000 Milwaukee, WI 53201, and forwarded

the request as FOIA Case No. 2017-FPFD-00431.

23.     On April 12, 2017, Manager Laverne Morgan-Hill of the Lakeland District

denied the FOIA request in its entirety.  Ms. Morgan-Hill's response stated, in pertinent

part:

> Based on your description of records sought, falls under the FOIA
> exemption guideline for Federal Agencies to withhold information.
>
> b(2) Personnel Rules and Practices – applies to records related solely to
> internal personnel rules and practices that are either (a) too trivial to be of
> genuine public interest or (b) would enable circumvention of laws or
> regulations.
>
> B(6) – Personal Information – applies to personal information, including
> medical and personnel files, the disclosure of which would be a clearly
> unwarranted invasion of personal privacy.

Ms. Morgan-Hill's response also acknowledged that USPS Office of Inspector General

(OIG) provided requested records relating to non-postal websites accessed by

maintenance employees to Acting DM Debbie Woodrum for rebuttal of Audit Report HR-

AR-16-005.   A true and correct copy of Ms. Morgan-Hill's response is attached hereto

as Exhibit 5.

24.     On July 9, 2017, Plaintiff submitted an appeal of the denial pursuant to the

instructions for such appeals that was set forth in Ms. Morgan-Hill's April 12, 2017,

correspondence.   A true and correct copy of the appeal is attached hereto as Exhibit 6.

25.     On August 31, 2017, Attorney James L. Tucker affirmed Ms. Morgan-Hill's

denial of the request, relying on Exemption 6 to FOIA and stating, in pertinent part, that

there was no articulated "cognizable public interest in this type of record."   Attorney

Tucker further asserted that privacy interests "heavily outweigh a non-existent public

interest in disclosure" and that "disclosure would constitute an unwarranted invasion of personal privacy." A true and correct copy of Attorney Tucker's correspondence is attached hereto as Exhibit 7.

26.     With respect to the records relating to non-postal websites accessed by maintenance employees, including electronics technicians and maintenance management, the United States Postal Service Office of Inspector General indicated that it provided these records to Acting Lakeland District Manager Debbie Woodrum for rebuttal of Audit Report HR-AR-16-005. The records should include but not be limited to OIG's 2016 audit/investigation, daily logs of internet usage (referenced on page 15 of Audit Report HR-AR-16-005), and an OIG compliant filed on December 11, 2016.

27.     With respect to the records relating to USPS employees being walked out of the building in April 2016, these should include records relating to the Lakeland District's direction to the Madison plant manager to remove the manager and supervisor from the building. A colleague advised Plaintiff that this direction was received from the Lakeland District and that the event occurred in April 2016.

28.     With respect to the request for records relating to employees sleeping on the clock, Plaintiff has personally witnessed this conduct, as noted above. In addition, Plaintiff was advised by a colleague that photos of a manager sleeping in his office had been sent to the Lakeland District. This is contrary to the assertion that Deputy Assistant Inspector General Christopher Cherry made to Senator Ron Johnson and Representative Mark Pocan in correspondence dated May 13, 2016.

29.     In addition, Plaintiff has forwarded e-mail messages requesting permission to photograph sleeping employees to OIG Investigator Jonathan Sawant, OIG Auditor

7

Aldwin DeLeon and to the Great Lakes Area Vice President and Employee Resource Vice President. The Great Lakes Area Vice President and Employee Resource Vice President denied this request.

## CLAIMS

30. Attorney Tucker's correspondence asserted that the Plaintiff's request would implicate employee disciplinary records. However, Mr. Tucker's admission that disciplinary records exist concerning the issues described in Plaintiff's request letter directly conflicts with Deputy Assistant Inspector General Christopher Cherry's May 13, 2016 letter to political leaders, which alleged that the investigation of these matters had resulted in no evidence of criminal activity or personal misconduct. Therefore, the United States Postal Service's rationale for withholding the information is suspect from the outset. The United States Postal Service has issued contradictory statements and demonstrated an effort to withhold information at all costs rather than any genuine evaluation or balancing of the public interests in the release of the information.

31. The public interest in government information is particularly high when government misconduct is concerned. *See, e.g., Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1234 (10th Cir. 2007). The misconduct in this case directly affects the public interest because it concerns the potential misuse of public tax dollars by employees who are not doing government work while they are "on the clock" in their positions, such as through misuse of time spent on non-work related internet sites and through sleeping on the job. Moreover, as shown by the facts set forth above, there have been previous investigations of this misconduct, but there has been no public acknowledgment by agency officials regarding the seriousness of the misconduct nor

8

has the misconduct been addressed in any meaningful fashion. Accordingly, this is a situation in which public access to information is necessary in order to determine whether agency officials are appropriately handling employee misconduct or whether they are, contrary to the public interest, turning a blind eye to waste and misuse of tax dollars. The public has an interest in knowing whether an investigation was comprehensive and whether the agency imposed adequate disciplinary measures. *See, e.g., Parker v. U.S. Dept. of Justice Executive Office for U.S. Attorneys,* 852 F. Supp. 2d 1, 13 (D.C. Cir. 2012).

32. According to widely circulated reports, the United States Postal Service reported a net loss of $2.7 billion in fiscal year 2017 and has posted net losses for the previous 10 years. These losses are reportedly being covered with loans from the U.S. Treasury Department. While the United States Postal Service has cited reasons for these losses such as the decline in use of first-class mail and the need to pre-fund employee pensions, the requested records would assist the public in understanding whether the losses reported by the Postal Service, and underwritten by public funds, are at least partly due to management's failure to adequately manage employees and to ensure that employees are working rather than engaging in non-work related conduct on the job.

33. Further, in the event that any portions of records may be found to have been legitimately withheld on the basis of the asserted exemption, then, in the alternative, the Defendant has not complied with its duty to redact pursuant to 5 U.S.C. § 552 (b) because the public interest in having information about the conduct of investigations of prevalent and persistent government misconduct and the results of

Case 2:18-cv-00088-WED   Filed 01/17/18   Page 9 of 10   Document 1

those investigations outweighs any alleged interest in withholding at least some portions of the records that were withheld.

34.     The requested records were wrongfully withheld from Plaintiff.   Relief as requested herein is therefore appropriate under the Freedom of Information Act, 5 U.S.C. §552, including, but not limited to, injunctive and other appropriate relief and an order for the disclosure and release of agency records improperly withheld from Plaintiff by Defendant.

WHEREFORE, Plaintiff respectfully requests that the Court:

A.     Order Defendant to disclose the requested records in their entireties and make copies available to Plaintiff, or, in the alternative, order Defendant to disclose the requested records with any redactions that the Court may find supported under applicable legal standards and make redacted copies available to Plaintiff;

B.     Provide for expeditious proceedings in this action;

C.     Award Plaintiff his costs and reasonable attorneys' fees incurred in this action; and

D.     Grant such other relief as the Court may deem just and proper.

Dated this 17th day of January, 2018.


/s/ April Rockstead Barker ____ _____
April Rockstead Barker
State Bar #:  1026163
abarker@sbe-law.com
Attorneys for Plaintiff
SCHOTT, BUBLITZ & ENGEL S.C.
16655 W. Bluemound Road, Suite #270
Brookfield, WI 53005
(262) 827-1700
(262) 827-1701-Fax

Case 2:18-cv-00088-WED   Filed 01/17/18   Page 10 of 10   Document 1